1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHMUEL DANAN, et al.,

Plaintiffs,

v.

OUTFORM INC.,

Defendant.

Case No. 19-cv-02444-SVK

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 23

Following the Court's September 9, 2019 order granting Defendant Outform Inc.'s motion to dismiss the original complaint with leave to amend (Dkt. 21), Plaintiff Shmuel Danan filed a first amended complaint (Dkt. 22). Now before the Court is Defendant's motion to dismiss the FAC. Dkt. 23. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument. For the reasons discussed below, the Court GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND.

## I.     DISCUSSION

The relevant factual background and the legal standards governing motions to dismiss are discussed in the Court's September 9, 2019 order (Dkt. 21) and are not repeated here. As discussed in that order, the focus of Plaintiff's original complaint was Defendant's parent company, Outform Ltd., rather than Defendant itself, and the allegations of the original complaint were insufficient to state a plausible claim against Defendant under an alter ego theory or any other legal theory. Dkt. 21 at 5-9. The Court granted Plaintiff leave to amend the complaint to address the deficiencies identified in the order by adding allegations of alter ego liability or other allegations to support a claim against Defendant Outform Inc. Dkt. 21 at 9. Plaintiff subsequently filed the FAC. Dkt. 22.

Defendant now argues that the FAC adds allegations regarding the legal standard for alter

ego liability but still does not plead a specific factual basis for Defendant to be held liable. *See* Dkt. 23 at 3-6. Plaintiff filed a one-paragraph opposition to the present motion to dismiss, purporting "in the interest of judicial economy" to "reassert the facts, law and argument" asserted in its earlier-filed opposition to the motion to dismiss the original complaint. Dkt. 25.

Plaintiff's opposition is deficient because it does not address the specific, new allegations of the FAC. Nevertheless, the Court has reviewed the FAC under the applicable pleading standards and concludes that Plaintiff has failed to state a claim for alter ego liability or any other basis to support a claim against Defendant Outform Inc. As discussed in more detail in the Court's order dismissing the original complaint (Dkt. 21), the distinction between legally distinct entities may be disregarded only if there is a basis for alter ego liability, which requires a unity of interest and ownership and a situation where adherence to the fiction of separate existence would "sanction a fraud or promote injustice." *See In re Schwarzkopf,* 626 F.3d 1032, 1038 (9th Cir. 2010); *Century Sur. Co. v. Belmont Seattle, LLC,* 543 Fed. Appx. 737, 738 (9th Cir. 2013). Allegations of an alter ego relationship must be supported by specific factual allegations. *See Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2010 WL 335789, at *6 (N.D. Cal. Jan. 22, 2010).

The FAC simply restates Plaintiff's previous allegations concerning the shifting of funds between Defendant Outform Inc. and its parent, adding a conclusion that this shift is evidence that the corporate entities do not deal with each other at arm's length. *See, e.g.,* Dkt. 22 at ¶ 85. These new allegations are not enough to state a theory of alter ego liability because they do not suggest inappropriate commingling or manipulation of corporate assets. *See Schwarzkopf*, 626 F.3d at 1038. The FAC also has new paragraphs consisting of legal conclusions that simply parrot the Court's order on the motion to dismiss the original complaint. *See, e.g.,* Dkt. 22 at ¶¶ 77-79. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions," and on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Accordingly, the Court DISMISSES the FAC. Because Plaintiff has failed, again, to allege

facts to support a theory of alter ego liability or any other basis to support a claim against Defendant Outform Inc., despite being given an opportunity to amend its complaint to address these deficiencies, the dismissal is WITHOUT LEAVE TO AMEND.

## II. CONCLUSION

For the foregoing reasons, the FAC is DISMISSED WITHOUT LEAVE TO AMEND. The Clerk shall close this case.

**SO ORDERED.**

Dated: December 12, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge